## AMARILLO NAT. LIFE INS. CO. v. BROKAW.

(Court of Civil Appeals of Texas. Amarillo. Feb. 17, 1912.)

1. APPEAL AND ERROR (§ 604*)—RECORD—AGREEMENT OF PARTIES.

Where there was attached to a motion for certiorari, requiring the clerk of the trial court to certify to the court, on appeal, copies of instruments as part of the record, an agreement, signed by the attorneys, stipulating that the copies might be filed as a part of the transcript and considered on appeal as if originally included in the transcript, and copies were filed by the clerk, the copies will be considered as a part of the transcript.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2655-2659; Dec. Dig. § 604.*]

2. APPEAL AND ERROR (§ 770*)—MOTION FOR SUBMISSION ON BRIEF—RULES OF COURT.

A motion by a defendant in error for submission on his brief, on the ground of the failure of plaintiff in error to file his brief, as required by the rules and law, cannot be considered, where it was not entered on the motion docket of the court on appeal, and notice thereof given, as required by the rules.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3106, 3107; Dec. Dig. § 770.*]

3. APPEAL AND ERROR (§ 773*)—SUBMISSION ON BRIEF OF DEFENDANT IN ERROR—AFFIRMANCE.

Where defendant in error filed his brief and prayed for the submission of the cause on his brief, as authorized by court rule 42 (67 S. W. xvii), because of the failure of plaintiff in error to prepare the case for submission, except to file the transcript, and the brief and the record showed no reversible error, the judgment must be affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108-3110; Dec. Dig. § 773.*]

Error to Potter County Court; W. M. Jeter, Judge.

Action by C. P. Brokaw against the Amarillo National Life Insurance Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

F. M. Ryburn and Madden, Truelove & Kimbrough, for plaintiff in error. Veale, Davidson & Veale, for defendant in error.

PRESLER, J. [1] Defendant in error, by a motion duly filed in this cause, asks for issuance of a writ of certiorari, directed to the clerk of the county court of Potter county, requiring him to certify to this court, as a part of the record, a true and correct copy of the citation which, together with the return thereon in cause No. 1124, styled C. P. Brokaw v. C. S. Morris, in the county court of Potter county, was left out of the transcript, and to which said cause the garnishment case in which this writ of error is sued out was auxiliary, and attaches as an exhibit to said motion a certified copy of said citation and the return thereon. Attached to said motion is also an agreement in writing, signed by the attorneys for plaintiff in error, agreeing that the certified copy of citation and return attached to said motion may be filed as a part of the transcript in this cause, and that the same may be considered by this court the same as if it had been originally included in the transcript, without the necessity of further proceedings thereon, other than the filing of the same with the clerk of this court, which, having been duly filed by said clerk in pursuance of said agreement, is here considered as a part of the transcript in this cause.

[2, 3] Defendant in error also filed a motion for submission on his brief, alleging that plaintiff in error had failed to comply with the rules and law governing the submission of cases in this court, in that plaintiff in error had failed to file its brief in this cause, either in this court or in the court below, as required by the rules and the law governing the filing of briefs. As this motion, however, appears to have not been entered on the motion docket of this court, and notice of the same given, as required by the rules, we are unable to consider the same; but, it appearing from the record that no brief has been filed by plaintiff in error in this court, this cause having been duly and regularly reached in its order on the trial docket of this court, for submission, and appearing to have been submitted only upon brief of defendant in error, and it ap-

pearing that plaintiff in error has failed to prepare the case for submission, further than by filing the transcript in this court, and defendant in error having duly filed his brief, praying that said cause be submitted on his said brief, under rule 42 (67 S. W. xvii), governing the submission of causes in this court, and setting forth the proceedings had in said cause, as required under said rule, and, upon examination of said brief and the record in this cause, we are of the opinion that the record shows no reversible error upon the view of the case as presented by defendant in error, and that said judgment should be, in all things, affirmed; and it is accordingly so ordered.